IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil No. 1:08-cr-073 |
| **Plaintiff,** | : | |
| v. | : | |
| **ANDREW N. GRIFFITH,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Andrew N. Griffith's motion to correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 347.) This motion is filed in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I. **Background**

On July 22, 2008, Ms. Griffith pleaded guilty to possessing, brandishing and discharging firearms in furtherance of a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c) (Count 2); and attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 4). On February 16, 2009, he was sentenced to 153 months. The sentence consisted of a term of imprisonment of 33 months on Count 4, and a term of 120 months on Count 2 to be served consecutively to Count 4.

## II.     **Discussion**

In his motion, Griffith argues that the sentence on Count 2 violates due process and should be vacated because bank robbery is no longer a crime of violence following *Johnson*, 135 S. Ct. 2551. The Armed Career Criminal Act ("ACCA") defines a violent felony in part as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another ["elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives ["enumerated offenses clause"], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ["residual clause"].

18 U.S.C. § 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court held that the italicized portion of this definition—known as the residual clause—is unconstitutionally vague. Griffith argues that this decision is applicable to the residual clause found in other contexts, including the residual clause of the definition of crime of violence within 18 U.S.C. § 924(c)(3)(B).

> 18 U.S.C. § 924(c)(3)(B) defines a "crime of violence" as:
>
> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [("elements clause")], or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [("residual clause")].

Griffith argues that clause B is similar to the residual clause of the ACCA and is therefore void for vagueness.

In *United States v. Robinson*, 844 F.2d 137, 139 (3d Cir. 2016), the Third Circuit held that, where the offenses of robbery and brandishing a gun have been tried together and the defendant has been found guilty of both offenses, Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A)'s elements clause. 844 F.3d at 141; *see also United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016).

In the present case, Count 2 of the Indictment contains the following language: "did possess, use, carry, brandish, and discharge firearms in furtherance of and during and in relation to a crime of violence for which they may be prosecuted in a court of the United States; that is, bank robbery." (Doc. 1, p. 3.) Count 4 contains such language as, "did, by force and violence, or by intimidation." (*Id.* at p. 5.)

At the change of plea hearing, the Government placed on the record the events of the December 5, 2007 bank robbery spree in which two banks – Northwest Savings Bank (Count 4) and Citizens Savings Bank (Count 2) were targets. During the plea colloquy, there was a dispute as to whether Griffith possessed a firearm during the bank robberies. There was no dispute that Griffith

accompanied others in the bank robberies (Doc. 177, p. 13); that he knew what was taking place (*id.*); that he was aware that others possessed and brandished guns (*id.* at p. 14); and that, as an aider and abettor, he was as culpable as those who had guns (*id.*).

Because Griffith acknowledged that a firearm was used in the commission of the robberies and the "use of a firearm indicates the use, attempted use, or threatened use of physical force in the commission of the offense," the bank robbery qualifies as a crime of violence under the elements clause. *United States v. Galati*, 844 F.3d 152, 154-55 (3d Cir. 2016). Consequently, the motion will be denied.

An appropriate order will follow.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: March 22, 2017